# CIVIL MINUTES—GENERAL

Case No.   5:11-cv-00812-JHN-OPx                                    Date:  July 13, 2011
Title:     *Antonelli v. Time Warner Entm't-Advance/Newhouse P'ship et al.*

---

Present:  The Honorable JACQUELINE H. NGUYEN

|  Alicia Mamer  |  Not Reported  |  N/A  |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:
         Not Present                              Not Present

**Proceedings: ORDER REMANDING THE ACTION TO COUNTY OF RIVERSIDE SUPERIOR COURT (IN CHAMBERS)**

The Court has reviewed the Notice of Removal filed by Defendant Time Warner Entertainment-Advance/Newhouse Partnership. (Docket No. 1.)  After careful consideration of the record, the Court **REMANDS** the action to the **SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE** for the reasons stated below.

## I.  FACTUAL BACKGROUND

Plaintiff Mary Antonelli filed suit against Defendant in California Superior Court for claims of employment discrimination.  Defendant removed the action on May 24, 2011.

In early 2010, Plaintiff began suffering from pain, vomiting, and migraines. (Compl. ¶ 7.)  In October 2010, Plaintiff discovered the cause of these symptoms was uterine fibroids and was advised to undergo a hysterectomy to alleviate her symptoms.  (*Id.* ¶¶ 8, 10.)  Despite the fact that she notified her employer of her scheduled hysterectomy, on February 2, 2011, Plaintiff was terminated.  (*Id.* ¶¶ 12—14 .)  Defendant asserts that Plaintiff was terminated for performance-related issues, specifically failure to meet sales goals, absenteeism, and tardiness.  (*Id.* ¶¶ 15–17.)  Plaintiff filed this lawsuit alleging the following claims:
(1) discrimination based upon disability in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, et seq.;
(2) failure to accommodate disability in violation of FEHA; (3) failure to engage in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   5:11-cv-00812-JHN-OPx                              Date:  July 13, 2011
Title:     *Antonelli v. Time Warner Entm't-Advance/Newhouse P'ship et al.*

the interactive process in violation of FEHA; (4) retaliation in violation of FEHA; (5) violation of the California Family Rights Act ("CFRA"), Cal. Gov't Code § 12945.1, et seq.; (6) retaliation in violation of CFRA; and (7) wrongful termination in violation of public policy.

Plaintiff's Complaint is silent as to the amount of recovery sought, except to note that Plaintiff's damages are "an amount within the jurisdictional limits of [the State] Court." (Compl. ¶¶ 31, 44, 57, 66, 76, 84, 91.)

Defendant removed the action to this Court based on diversity jurisdiction. (Notice of Removal ¶ 10.) The issue presented is whether Defendant has satisfied the amount in controversy requirement. Defendant claims that it did and bases its conclusion on Plaintiff's prayer for "lost earnings, emotional distress, punitive damages, and attorneys' fees." (*Id.* ¶ 4.)

## II.  DISCUSSION

Federal courts are "courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–90 (1938)); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (holding that the removal statute should be strictly construed against removal jurisdiction). The Court shall *sua sponte* remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 § U.S.C. 1447(c).

The defendant bears the burden of establishing the propriety of removal, including actually proving that the amount in controversy exceeds $75,000. *See Gaus*, 980 F.2d at 566–67. "[W]hen the complaint does not contain any specific damages sought, the party seeking removal under diversity bears the burden of showing, *by a preponderance of evidence*, that the amount in controversy exceeds the statutory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | 5:11-cv-00812-JHN-OPx | Date: July 13, 2011 |
|---|---|---|
| Title: | *Antonelli v. Time Warner Entm't-Advance/Newhouse P'ship et al.* | |

amount." [1] *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (emphasis added).

Defendant alleges that it is "facially apparent" that Plaintiff seeks to recover damages in excess of $75,000 based solely on Plaintiff's "allegations and requests for damages." (Notice of Removal ¶ 4.)  The Court disagrees.  Plaintiff's requests for damages are consistently described only as being "an amount within the jurisdictional limits of [the State] Court." (Compl. ¶¶ 31, 44, 57, 66, 76, 84, 91.) The Complaint therefore does not contain on its face the specific amount in controversy. Thus, in order for removal to be proper, Defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Lewis*, 627 F.3d at 397.

"If the amount in controversy is not clear on the face of the complaint," evidence must be of "summary-judgment type . . . to establish that the actual amount in controversy exceeds $75,000." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotation marks omitted); *accord Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Conclusory allegations are insufficient to meet the burden; rather, the defendant must state the "*underlying facts*" supporting its assertion that the amount in controversy is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir.

---

[1] Defendant alleges that "in order to remand a case for failing to meet the amount in controversy requirement, the court must find with a legal certainty that the claim is for less than the jurisdictional amount." (Notice of Removal ¶ 4 (citing *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 99 (2d Cir. 1966); *Leslie v. BancTec Serv. Corp.*, 928 F. Supp. 341, 348 (S.D.N.Y. 1996)).) In *Deutsch*, the plaintiff brought the original action in federal court. 359 F.2d at 98. In *Leslie*, the action began in state court but was removed when the defendant proved the amount in controversy by a "reasonable probability" through facts, which included salary figures and deposition testimony. 928 F. Supp. at 348–49. The distinguishing factual scenarios of *Deutsch* and *Leslie* shifted the burden to disprove the amount in controversy to the plaintiffs. No such facts are present in the instant case, and therefore no burden shifting is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  5:11-cv-00812-JHN-OPx | Date:  July 13, 2011 |
| Title:  *Antonelli v. Time Warner Entm't-Advance/Newhouse P'ship et al.* | |

2004) (holding that allegations on "information and belief" did not prove the amount in controversy for purposes of removal jurisdiction).

Defendant here has fallen far short of meeting its burden. Defendant submits no evidence and no underlying facts that establish the actual amount in controversy. Conclusory assertions and general citations to cases, without any discussion or support, are simply not enough. Nor does Defendant show that damages of greater than $75,000 have been awarded in cases that are factually similar to this one. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Accordingly, the Court finds that Defendant has failed to show by a preponderance of the evidence that the amount in controversy requirement is met.

### III.  CONCLUSION

In light of the "strong presumption against removal jurisdiction," *Gaus*, 980 F.2d at 566, the Court **REMANDS** the action to the **COUNTY OF RIVERSIDE SUPERIOR COURT**.

**IT IS SO ORDERED.**

          ___: N/A
Initials of Preparer   AM